At May Civil Term, 1932, of Pitt Superior Court, plaintiff obtained a verdict and judgment against the defendant. The issues submitted to the jury and their answers thereto were as follows:
"1. Did the defendant, through false and fraudulent representation, procure, collect and receive of the plaintiff payments on a house and lot as alleged, with the intent to cheat and defraud the plaintiff of the same? Answer: Yes.
2. In what amount is the defendant indebted to the plaintiff by reason and on account of the said payments? Answer: $550.00, with interest from 1 January, 1930."
On 16 September, 1932, after execution was issued against the property and returned unsatisfied and then against the person of defendant, *Page 406 
in accordance with the judgment at May Term, 1932, notice was served on plaintiff and his attorney by defendant that he would move before "his Honor, Clayton Moore, judge of Superior Court, on 26 September. 1932, at 2:30 o'clock p. m., at Greenville, N.C. to set aside and vacate the judgment heretofore signed and entered in this action, upon the grounds set out in the attached motion and affidavit."
The matter came on for hearing before Grady, J., at March Term, 1933, Pitt Superior Court. It was agreed that the judge find the facts and render judgment. The facts were found by the judge and are set forth in the record, and the following order was made: "Ordered and adjudged that the judgment and verdict in this case, which were entered at May Term, 1932, be and the same are hereby set aside, and defendant is permitted to file answer according to his prayer."
The plaintiff excepted and assigned error on the grounds that the court did not find (1) excusable neglect, (2) under the facts found, defendant was guilty of gross negligence and indifference to the process of the court, (3) there was no finding that defendant had a meritorious defense, (4) to the judgment as signed, that on the whole record the court could not set the judgment aside.
The defendant moved to set aside the judgment on the ground of excusable neglect, C. S., 600. From a liberal interpretation of the findings of facts by the court below we think all necessary facts were found upon which in law to base the order of the court below that the verdict and judgment be set aside.
The judgment of the court below is
Affirmed.
STACY, C. J., dissents.